**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| TERESA HERENDEEN, individually on behalf of herself, and on behalf of all others similarly situated, | |
| *Plaintiff*, | **Civil Action No.:_____** |
| v. | **CLASS ACTION COMPLAINT** |
| THE QUAKER OATS COMPANY, *Defendant.* | **JURY TRIAL DEMANDED** |

Plaintiff Teresa Herendeen ("Plaintiff"), individually on behalf of herself and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant The Quaker Oats Company ("Quaker Oats" or "Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel, and review of public documents.

## NATURE OF THE ACTION

1.     Plaintiff brings this action because of Defendant's negligent failure to ensure the quality and safety of its granola products. Defendant's negligent failure led to the recall of over 90 different formulations of Defendant's granola products ("Products", or "Recalled Products"). These Recalled Products were recalled due to bacterial contamination concerns. Specifically, the bacteria species *Salmonella* (hereinafter "Bacteria") is believed to have contaminated Defendant's Recalled Products. Recalled Products, attached as an Exhibit to this complaint,

include granola products from various retailers in all 50 states as well as Puerto Rico, Guam, and Saipan.

## JURISDICTION AND VENUE

2. Diversity subject matter jurisdiction exists over this class action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (2005), amending 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions involving: (a) 100 or more members in the proposed class; (b) where at least some members of the proposed class have different citizenship from Defendant; and (c) where the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in the aggregate. 28 U.S.C. §§ 1332(d)(2) and (6).

3. This Court has Personal Jurisdiction over Defendant because Defendant has sufficient minimal contacts with this District, and Defendant has its principal place of business in this District. Defendant has purposefully availed itself to this Jurisdiction through its marketing, sale, advertising, and promotion of the Product throughout this Jurisdiction. Defendant also has its headquarters located at 555 W Monroe St, Chicago, IL 60661.

4. Venue is proper in this District under 28 U.S.C. § 1391(d) because a substantial part of the events or omissions giving rise to the claims in this action occurred in this District.

## PARTIES

5. Plaintiff Teresa Herendeen is a citizen of the State of South Carolina and resides in Conway, South Carolina. Conway is located within Horry County, South Carolina. Plaintiff purchased Defendant's Products as part of her normal routine and diet, and specifically enjoyed Defendant's Chewy Holiday Minis.

6.    Defendant, Quaker Oats is an Illinois corporation with its headquarters located at 555 W Monroe St, Chicago, IL 60661. Defendant is a renowned manufacturer of oat and granola products in the United States.

## FACTUAL BACKGROUND

7.    Defendant manufactures, markets, advertises, labels, and distributes granola products across the country and internationally.

8.    Defendant's organization has been operating for approximately 140 years.[1]

9.    Defendant's Recalled Products are heavily marketed as beneficial to one's health[2], however, its recalled products are not safe for one's health; the Bacteria present in these products can seriously harm and even kill.[3]

10.    Defendant's marketing further emphasize quality ingredients that are suitable for hearth and digestive health as well as energy levels.[4]

11.    On November 28, 2023, Plaintiff purchased one of Defendant's Recalled Products.

## FACTUAL ALLEGATIONS

12.    At all times relevant, Defendant knew or should have known that their Recalled Products had a risk of containing harmful Bacteria or were not sufficiently tested for the presence of Bacteria. During this time, Defendant omitted any reference to the presence, or risk thereof, of harmful Bacteria.

13.    Defendant knew or should have known the risks that *Salmonella* poses, especially to the elderly, very young, and immunocompromised.[5] Defendant should have known that the

---

[1] https://www.quakeroats.com/about-quaker-oats/quaker-history
[2] https://www.quakeroats.com/extraordinary-oats
[3] https://www.cdc.gov/salmonella/index.html
[4] https://www.quakeroats.com/extraordinary-oats

3

standards for food safety have become increasingly stringent in recent years. Further, Defendant should have known of the dangers of *Salmonella* due to recent and notable grocery contaminations.[6]

14.     Defendant knew or should have known that they owed consumers a duty of care to fully prevent, or at the very least, minimize the presence of harmful Bacteria in their Recalled Products.

15.     Defendant knew or should have known that they owed a duty of care to consumers to adequately test for harmful Bacteria in their Recalled Products.

16.     Defendant knew that consumers purchased the Recalled Products based on the reasonable expectation that Defendant manufactured the Recalled Products to the highest safety and sanitation standards, as to be fully fit for human consumption, particularly by those seeking Defendant's products for its health benefits. Defendant knew or should have known that consumers would reasonably infer that Defendant would hold the Recalled Products to the highest sanitation and safety standards, as to prevent bacterial contamination.

17.     On or about December 15, 2023, Defendant recalled the aforementioned products due to potential bacterial contamination. Particularly, the bacteria species *Salmonella* was mentioned as a possible contaminant.[7]

18.     The Food and Drug Administration ("FDA") and Center for Disease Control ("CDC") have declared *Salmonella* to be harmful to all persons, even noting that

---

[5] https://www.cdc.gov/salmonella/general/index.html
[6] https://www.cdc.gov/salmonella/outbreaks-active.html
[7] https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/quaker-recalls-granola-bars-and-granola-cereals-due-possible-health-risk

*Salmonella* bacteria causes about 1.35 million infections, 26,500 hospitalizations, and 420 deaths in the United States every year. [8]

19.     Many of Defendant's products are marketed to vulnerable persons, particularly children.

20.     Despite the known risks of *Salmonella*, Defendant has recklessly and/or knowingly sold the Recalled Products without disclosing the possible contamination.

21.     Additionally, Defendant knew or should have known that possible consumers would ingest the Recalled Products daily, often multiple times per day, thus compounding the possible exposures to *Salmonella*.

22.     Plaintiffs and consumers did not know, and did not have a reason to know, that the Quaker granola and oat products purchased were contaminated with *Salmonella*. Consumers expect the food they purchase to be safe for consumption and not contaminated by *Salmonella* or other harmful bacteria.

23.     Defendant's omissions are material, false, misleading, and reasonably likely to deceive the public. This is especially true, considering the long-standing campaign that markets the Recalled Products as healthy and high quality, as to induce customers to purchase the products.

24.     Plaintiff brings this case as a class action pursuant to Federal Rule of Civil Procedure 23 on her own behalf and as the Class representatives on behalf of the following:

**Nationwide Class**: **All persons within the United States who purchased the Recalled Products within the applicable statute of limitations.**

---

[8] https://www.cdc.gov/salmonella/index.html

**South Carolina Subclass: All persons within the South Carolina who purchased the Recalled Products within the applicable statute of limitations.**

25.     The Nationwide Class and the South Carolina Subclass shall collectively be referred to herein as the "Classes."

26.     Plaintiff reserves the right to amend the Class definitions if further investigation and discovery indicate that the Class definitions should be narrowed, expanded, or otherwise modified.

27.     Excluded from the Classes are governmental entities, Defendant, its officers, directors, franchise owners, and any entity Defendant retains a controlling interest in; and the affiliates, legal representatives, and employees of Defendant.

28.     This action has been brought and may be maintained as a class action under Federal Rule of Civil Procedure 23.

29.     **Numerosity** – Federal Rule of Civil Procedure 23(a)(1). This Class numbers at least in the thousands of persons. As a result, joinder of all Class Members in a single action is impracticable. Class Members may be informed of the pendency of this class action through a variety of means, including, but not limited to, direct mail, email, published notice, and website posting.

30.     **Existence and Predominance of Common Questions of Law and Fact** – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3). There are questions of fact and law common to the Classes that predominate over any question affecting only individual Members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

      a.   Whether Defendant engaged in the conduct alleged herein;

b. Whether Defendant owed a duty of care to Plaintiff and the Classes;

c. Whether Defendant knew or should have known that the Recalled Products contained, or may contain, *Salmonella*;

d. Whether Defendant wrongfully represented and continue to represent that the Recalled Products are safe for human consumption;

e. Whether Defendant wrongfully represented and continue to represent that the manufacturing of the Recalled Products is subjected to rigorous standards, including testing for *Salmonella*;

f. Whether Defendant wrongfully failed to disclose that the Recalled Products contained, or may contain, *Salmonella* and/or other contaminants;

g. Whether Defendant's representations in advertising, warranties, packaging and/or labeling are false, deceptive, and misleading;

h. Whether those representations are likely to deceive a reasonable consumer;

i. Whether a reasonable consumer would consider the presence of, or risk of, *Salmonella,* as a material fact when purchasing the Recalled Products;

j. Whether Defendant had knowledge that those representations were false, deceptive and misleading;

k. Whether Defendant continues to disseminate those representations despite knowledge that the representations are false, deceptive, and misleading;

l. Whether representations that a product is safe for consumption, and does not contain *Salmonella*, are material to a reasonable consumer;

m. Whether Defendant's representations and descriptions on the labeling of the Recalled Products are likely to mislead, deceive, confuse, or confound consumers acting reasonably;

n. Whether Defendant breached their express warranties;

o. Whether Defendant breached their implied warranties;

p. Whether Defendant engaged in unfair trade practices;

q. Whether Defendant engaged in false advertising;

r. Whether Defendant made negligent and/or fraudulent misrepresentations and/or omissions;

s. Whether certification of any or all of the classes proposed herein is appropriate under Fed. R. Civ. P. 23;

t. Whether Class members are entitled to declaratory, equitable, or injunctive relief, and/or other relief; and

u. The amount and nature of relief to be awarded to Plaintiff and the other members of the Classes.

31. **Typicality** – Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claims are typical of those of the Classes because Plaintiff suffered damage through her purchase of Defendant's Products.

32. **Superiority** – Federal Rule of Civil Procedure 23(b)(3). A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual Class Members could create a risk of inconsistent adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class Members to protect their interests. In addition, it would be impracticable and

undesirable for each member of the Classes who suffered an economic loss to bring a separate action. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class Members.

33. **Adequacy** – Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate representative of the Classes because she/he is a member of the Classes and her interests do not conflict with the interests of the Classes that she/he seeks to represent. The interests of the Members of the Classes will be fairly and adequately protected by Plaintiff and her undersigned counsel.

34. **Insufficiency of Separate Actions** – Federal Rule of Civil Procedure 23(b)(1). Absent a representative class action, Members of the Classes would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated Class members, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. The proposed Classes thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

35. **Declaratory and Injunctive Relief** – Federal Rule of Civil Procedure 23(b)(2). Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other Members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Members of the Classes as a whole.

36. Additionally, the Classes may be certified under Rule 23(b)(1) and/or (b)(2) because:

- The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendant;

- The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

- Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Classes as a whole.

**CAUSES OF ACTION**
**FOR A FIRST COLLECTIVE CAUSE OF ACTION**
**Negligence**
**(Plaintiff and Other Members the Classes)**

37. Plaintiff realleges all preceding paragraphs as if fully set forth herein.

38. Plaintiff brings this count on behalf of herself, and all others similarly situated.

39. Defendant produces and distributes granola products throughout the country.

40. At all times relevant, Defendant had a duty to provide Plaintiff and the general public with a safe product.

41. Specifically, Defendant has a duty to provide granola that is safe for human consumption to its potential consumers.

42.     Defendant breached this duty by failing to ensure the safety of its Recalled Products. Defendant's Recalled Products were contaminated with harmful, even deadly, *Salmonella* Bacteria.

43.     As a result of Defendant's breach, Plaintiff was harmed in that she suffered economic injury and lost her benefit of the bargain relating to her purchase price of the Products.

44.     Defendant's breach of its duty caused Plaintiff's damages both proximately and factually.

45.     Had Defendant properly designed, manufactured, or implemented a system in which Defendant's Recalled Products had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated granola products.  As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products.

**FOR A SECOND COLLECTIVE CAUSE OF ACTION**
**Breach of Express Warranty**
**(Plaintiff and Other Members the Classes)**

46.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

47.     Plaintiff brings this count on behalf of herself and other members of the Classes.

48.     Defendant marketed and sold the Recalled Products into the stream of commerce with the intent that the Recalled Products would be purchased by Plaintiff and the Classes.

49.     Defendant expressly represented and warranted that the Recalled Products were safe for consumption by all persons.

50.     Defendant made these express warranties regarding the Recalled Products' quality, ingredients, and fitness for consumption in writing on the Recalled Products' packaging

and labels through its website, advertisements, and marketing materials. These express warranties became part of the basis of the bargain that Plaintiff and the Class entered into upon purchasing the Recalled Products.

51.     Defendant's advertisements, warranties and representations were made in connection with the sale of the Recalled Products to Plaintiff and the Classes. Plaintiff and the Classes relied on Defendant's advertisements, warranties, and representations regarding the Recalled Products in deciding whether to purchase the Recalled Products.

52.     Defendant's Recalled Products do not conform to Defendant's advertisements, warranties, and representations in that the Recalled Products are not safe or appropriate for human consumption, and contain, or may contain, harmful Bacteria.

53.     Defendant were on notice of this breach, as they were aware of the possibly included *Salmonella* bacteria in the Recalled Products, as reflected in their own recall.

54.     The inclusion of unsafe levels of *Salmonella* is material because unsafe levels of this bacteria rendered Defendant's Recalled Products unsafe because these Recalled Products now presented a significant, unreasonable risk of physical harm. This risk renders the Recalled Products worthless or significantly less valuable when compared to a safe product of a similar nature or purpose.

55.     Plaintiff and the Classes would not have purchased the lesser value Recalled Products had they known of the risk of sickness due to such contamination. Plaintiff and the Classes purchased the Recalled Products due to the false or misleading representations and warranties and would not have purchased such Recalled Products if true facts had been disclosed.

56.     Privity exists because Defendant expressly warranted to Plaintiff and the Classes

through the warranting, packaging, marketing, and labeling that the Recalled Products were perfect for consumption and failed to make any mention of the presence of *Salmonella* or other harmful ingredients. All conditions precedent to Defendant's liability under the above-referenced contract have been performed by Plaintiff and the other members of the Classes.

57.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Classes have suffered actual damages in that they purchased Recalled Products that were worth less than the price they paid, given the presence of harmful ingredients, or risk thereof. Plaintiff and the Classes also would not have purchased the Recalled Products at all, had they known of the risk and/or presence of *Salmonella*, and/or other ingredients that do not conform to the products' labels, packaging, advertising, and statements.

58.     Had Defendant properly designed, manufactured, or implemented a system in which Defendant's products had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated granola products. As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products.

59.     Plaintiff and the Classes seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available due to Defendant's failure to deliver goods conforming to their express warranties and resulting breach.

### FOR A THIRD COLLECTIVE CAUSE OF ACTION
**Breach of Implied Warranty of Merchantability**
**(Plaintiff and Other Members the Classes)**

60.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

61.     Plaintiff brings this count on behalf of herself and other members of the Classes.

62.    Defendant are merchants engaging in the manufacturing and sale of goods that were purchased by Plaintiff and members of the Classes.

63.    At all times mentioned herein, Defendant manufactured or supplied the Recalled Products and prior to the time the Recalled Products were purchased by Plaintiff and the Classes, Defendant impliedly warranted to Plaintiff and Class Members that the Recalled Products were of merchantable quality, fit for their ordinary use (consumption by all ages of persons), and conformed to the promises and affirmations of fact made on the Recalled Products' containers and labels. Plaintiff and the Classes relied on Defendant's promises and affirmations of fact when they purchased the Recalled Products.

64.    The Recalled Products were not fit for their ordinary use and did not conform to Defendant's affirmations of fact and promises as they contained, or were at risk of containing, *Salmonella* or other non-conforming ingredients.

65.    Defendant breached their implied warranties by selling Recalled Products that failed to conform to the promises or affirmations of fact made on the container or label as each product contained *Salmonella* or contaminants that do not conform to the packaging.

66.    Defendant was on notice of their breach, as Defendant was aware of the risks of bacterial contamination in the Recalled Products. Further, Defendant's awareness is demonstrated by the recall issued by Defendant. Had Defendant been unaware of such breach, Defendant would not have issued such a recall.

67.    Privity exists because Defendant impliedly warranted to Plaintiff and the Classes through their warranting, packaging, advertising, marketing, and labeling that the Recalled Products were suitable for consumption and failed to make any mention of bacterial contamination.

68.     Had Defendant properly designed, manufactured, or implemented a system in which Defendant's products had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated granola products. As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products.

69.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Classes have suffered actual damages in that they have purchased Recalled Products that are now worth less than the price they paid, given the risk of and/or actual contamination of Recalled Products. Plaintiff and the Classes would not have purchased the Recalled Products at all, had they known of the bacterial contamination issues.

70.     Plaintiff and the Classes seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available as a result of Defendant's failure to deliver goods conforming to their implied warranties and resulting breach.

**FOR A FOURTH COLLECTIVE CAUSE OF ACTION**
**Fraudulent Misrepresentation**
**(Plaintiff and Other Members the Classes)**

71.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

72.     Plaintiff brings this count on behalf of herself and other members of the Classes.

73.     Defendant expressly represented and warranted that the Recalled Products were safe for consumption, especially by physically vulnerable persons.

74.     Defendant intentionally, knowingly, and recklessly made misrepresentations to induce Plaintiff and the Classes to purchase its Recalled Products.

75. Defendant knew that its representations about the Recalled Products were false in that the Recalled Products contained, or were at risk of containing, unsafe levels of *Salmonella* or other unnatural ingredients that do not conform to the products' labels, packaging, advertising, and statements. Defendant allowed their packaging, labels, advertisements, promotional materials, and websites to intentionally mislead consumers, such as Plaintiff and the Classes. More specifically, Defendant's website advertises its products as a good choice for digestive health. However, Defendant's products contain *Salmonella* which actually destroys the digestive system.

76. Plaintiff and the Classes relied on these misrepresentations and purchased the Recalled Products to their detriment, given the lesser value of the product. Given the deceptive way Defendant advertised, represented, and otherwise promoted the Recalled Products, Plaintiff's and the Classes' reliance on Defendant's misrepresentations was justifiable.

77. Had Defendant properly designed, manufactured, or implemented a system in which Defendant's products had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated granola products. As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their products.

78. As a direct and proximate result of Defendant's conduct, Plaintiff and the Classes have suffered actual damages in that they have purchased the Recalled Products that are worth less than the price they paid. Plaintiff and the Classes were marketed a safe product, and would not have purchased at all had they known of the presence, or risk of thereof, of *Salmonella*.

79.     Plaintiff and the Classes seek actual damages, injunctive and declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

## FOR A FIFTH COLLECTIVE CAUSE OF ACTION
### Fraud by Omission
### (Plaintiff and Other Members the Classes)

80.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

81.     Plaintiff brings this count on behalf of herself and other members of the Classes.

82.     Defendant knowingly, intentionally, and materially misrepresented and omitted, concealed from, and failed to disclose to Plaintiff and the Classes that its Recalled Products contained, or were at risk of containing, *Salmonella*, or other ingredients that do not conform to the products' labels, packaging, advertising, and statements.

83.     Defendant had a duty to disclose to Plaintiff and the Classes the true quality, characteristics, ingredients, suitability, and risks of the Recalled Products because:

(1) Defendant was in a superior position to know the true state of facts about the Recalled Products;

(2) Defendant was in a superior position to know the actual ingredients, characteristics and suitability of the Recalled Products for consumption by all ages of persons, particularly those seeking a healthy supplement; and

(3) Defendant knew that Plaintiff and the Classes could not have reasonably been expected to learn or discover that the Recalled Products were misrepresented in the packaging, labels, advertising and websites prior to purchasing the Recalled Products.

84.     The facts concealed or not disclosed by Defendant to Plaintiff and the Classes are material because a reasonable consumer would consider the safety of a product quite important when deciding whether to purchase Defendant's Recalled Products.

85.     Plaintiff and the Classes justifiably relied on Defendant's omissions to their detriment. The detriment is evident from the recall notice and true qualities, characteristics, and ingredients of the Recalled Products. All true qualities, characteristics, and ingredients of the Recalled Products are inferior in comparison to Defendant's advertisements and representations of the Recalled Products.

86.     Had Defendant properly designed, manufactured, or implemented a system in which Defendant's granola products had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated products.  As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their granola products.

87.     As a direct and proximate result of Defendant's conduct, Plaintiff and the Classes have suffered actual damages in that they have purchased a Recalled Product that is worth less than the price they paid given the potential harm to the consumer and that they would not have purchased at all had they known of the presence or risk of dangerous levels of *Salmonella*.

88.     Plaintiff and the Classes seek actual damages, injunctive relief, declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

### FOR A SIXTH COLLECTIVE CAUSE OF ACTION
#### Unjust Enrichment
#### (Plaintiff and Other Members the Classes)

89.     Plaintiff realleges all preceding paragraphs as if fully set forth herein.

90.     Plaintiff brings this count on behalf of herself and other members of the Classes.

91.     Substantial benefits have been conferred on Defendant by Plaintiff and the Classes through purchase of the Recalled Products. Defendant knowingly and willingly accepted and enjoyed these benefits.

92.     Defendant either knew or should have known that the payments rendered by Plaintiff and the Classes were given and made with the expectation that the Recalled Products would have the qualities, characteristics, ingredients, and suitability for consumption, as represented and warranted by Defendant. As such, it would be unjust for Defendant to retain the benefit of the payments under the circumstances.

93.     Had Defendant properly designed, manufactured, or implemented a system in which Defendant's products had been properly examined and tested for Bacteria prior to sale, Plaintiff would not have been injured and/or damaged as Plaintiff would not have purchased contaminated products.  As such, this Court should issue injunctive relief as to require Defendant to design and implement a new monitoring system in which Defendant will adequately monitor the bacteria levels in their granola products.

94.     Defendant's acceptance and retention of these benefits under the alleged circumstances is inequitable.

95.     Plaintiff and the Classes are entitled to recover all amounts wrongfully collected and improperly retained by Defendant, plus interest thereon.

96.     Plaintiff and the Classes seek actual damages, injunctive relief, declaratory relief, attorneys' fees, costs, and any other just and proper relief available.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Classes alleged herein, respectfully request that the Court enter judgment in her favor and

against Defendant as follows:

A.  For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as the representatives for the Classes and Plaintiff's attorneys as Class Counsel;

B.  For an order declaring the Defendant's conduct violates the causes of action referenced herein;

C.  For an order granting injunctive relief providing that Defendant must implement a system to monitor bacteria levels within its Products more effectively as to prevent such contamination, or at the very least, the distribution of contaminated Products;

D.  For an order finding in favor of Plaintiff and the Classes on all counts asserted herein;

E.  For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

F.  For prejudgment interest on all amounts awarded;

G.  For an order of restitution and all other forms of equitable monetary relief;

H.  For an order awarding Plaintiff and the Classes their reasonable attorneys' fees and expenses and costs of suit, and any other expense, including expert witness fees; and

I.  Such other and further relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

December 27, 2023                                     Respectfully Submitted,

*/s/ Roy T. Willey*
Roy T. Willey IV (Fed ID #11664)
Blake G. Abbott (Fed ID #13354)
Paul J. Doolittle (Fed ID #6012)
**POULIN | WILLEY**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
Email: blake.abbott@poulinwilley.com
          paul.doolittle@poulinwilley.com